Alice JACKSON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–9035.

Court of Appeals of Alaska.

Jan. 13, 2006.

As Amended Feb. 6, 2006.

Mark Cucci, Assistant Public Defender, Kotzebue, and Barbara K. Brink, Public Defender, Anchorage, for the Appellant.

Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

Alice Jackson pleaded no contest to two counts of minor consuming alcoholic beverages, AS 04.16.050, under the repeat offender provision of the statute (subsection (c)). In exchange for Jackson's pleas to these two counts, the State dismissed seven other similar pending charges.

Before Jackson formally entered her pleas, Superior Court Judge Richard H. Erlich warned Jackson and her attorney that, as one of the conditions of Jackson's probation, he intended to require Jackson to come to court every other Friday to report on her progress on probation. The judge then gave Jackson the chance to withdraw from the plea bargain.

Following a conference between Jackson and her defense attorney, the defense attorney told Judge Erlich that Jackson was per-

sonally willing to come to court every other week. However, the attorney also told Judge Erlich that he (the attorney) believed that the court had no authority to require Jackson to do this.

The defense attorney argued that, by requiring Jackson to appear in court at regular intervals and report on her progress, the judge would violate the doctrine of separation of powers—by setting himself up as a *de facto* probation officer, thus improperly infringing on the powers and duties of the Department of Corrections.

Judge Erlich rejected this argument and imposed the contested condition of probation. Jackson now appeals the judge's decision.

Under the separation of powers doctrine, "[w]hen an act is committed to executive discretion, the exercise of that discretion within constitutional bounds is not subject to the control or review of the courts."[1] Jackson argues that the Alaska Legislature has entrusted oversight of the probation system to the executive branch, and that Judge Erlich encroached on that executive authority by ordering Jackson to report to him on a regular basis. Jackson also argues that the challenged condition of probation has the effect of relieving the State of its burden to prove any future violation of probation, by impermissibly shifting the burden to her to prove (every other Friday) that she is in compliance with the conditions of her probation.

We disagree with Jackson's premise that the executive branch has the exclusive authority to supervise probationers. As the Alaska Supreme Court recognized in *Smith v. Department of Corrections*, 872 P.2d 1218, 1227 (Alaska 1994), the probation function "appears to be one of those areas of shared responsibilities among the executive and judicial branches."

The Alaska statutes dealing with probation confirm this view of the matter. AS 33.05.010 directs the Commissioner of Corrections to "administer a probation system and enforce the probation laws in the superior court". And AS 33.05.020(a) directs the Commissioner to "appoint and make available to the superior court, where necessary, qualified probation officers and assistants". But AS 33.05.030(a) specifies that "[a]ll probation officers made available to the courts under [AS 33.05] shall be officers of the superior court and subject to the authority of the superior court". And, of course, it is the sentencing judge, and not the Department of Corrections, who determines whether a defendant should receive probation,[2] and who holds the ultimate authority to establish, modify, or vacate the terms of a defendant's probation.[3]

Turning to the particular statute that Jackson was convicted of violating, AS 04.16.050, this Court recognized in *State v. Morgan* that the legislative history of this statute indicates that the legislature wanted to "assure that [the] courts were part of the monitoring process" for minors who were convicted of possessing or consuming alcoholic beverages.[4] When this statute was debated, a representative of the Department of Health and Social Services told the Senate Judiciary Committee that "monitoring is key" to the rehabilitation of minors who consume alcoholic beverages; "[the] goal is to [establish] monitoring and provide treatment".[5] And a representative of the Department of Law explained to the House Judiciary Committee that "[one] way to instill the idea that offenders may not drink until they become 21 is to place offenders on open-court, unsupervised, informal probation until they are 21."[6] Thus, it appears that the legislature specifically intended that minors convicted of violating AS 04.16.050 be placed on probation supervised by the court.

1. *Public Defender Agency v. Superior Court*, 534 P.2d 947, 950 (Alaska 1975).

2. AS 12.55.080; AS 12.55.090(a).

3. AS 12.55.100; AS 12.55.101; AS 12.55.090(b); *Hester v. State*, 777 P.2d 217, 218–19 (Alaska App.1989).

4. *State v. Morgan*, 111 P.3d 360, 362 (Alaska App.2005).

5. *Id.*

6. *Id.*

We further note that, for minors who are criminally prosecuted for consuming alcoholic beverages, it appears that there would be no monitoring of their probation if the sentencing court did not perform this task. Depending on the defendant's prior record, their violation of AS 04.16.050 is either a minor offense or a misdemeanor. In either case, the prosecution takes place in the district court. The probation statutes found in AS 33.05 uniformly speak of the Department of Corrections's duty to provide probation supervision services to the *superior court*. There is no provision of AS 33.05 that directs the Department to monitor the probation of misdemeanor offenders who are convicted in the district court. Thus, even if we assumed, for purposes of argument, that the probation statutes presented an arguable conflict of authority between the sentencing judge and the Department of Corrections in superior court cases, there is no such conflict in district court cases.

(The judge in Jackson's case, Judge Richard H. Erlich, is a superior court judge; but the charges against Jackson were filed in the district court, and Judge Erlich was functioning as a district court judge under the authority of Alaska Administrative Rule 24(c).)

Finally, even if Jackson were subject to supervision by a probation officer employed by the Department of Corrections, Jackson points to no authority supporting her assertion that a sentencing court violates the separation of powers doctrine by requiring a defendant to report to the court regarding the defendant's progress on probation. The legislature has vested the executive branch with authority to administer the probation system. Although this has generally been interpreted to mean that probation officers can require probationers to report to them on a regular basis, Jackson has not shown that an order directing a probationer to also report to their sentencing judge encroaches on the Department's administrative function.

For all of these reasons, we reject Jackson's contention that Judge Erlich's decision to personally monitor Jackson's probation on a bi-weekly basis violated the doctrine of separation of powers.

Jackson's final claim is that the challenged condition of probation impermissibly relieved the State of its burden to prove a violation of probation, and instead shifted the burden to Jackson to prove that she was abiding by the conditions of probation.

Jackson did not raise this claim in district court. In any event, the claim is without merit. Judge Erlich expressly stated at Jackson's sentencing hearing that, even though he was going to require Jackson to make regular reports on her progress, any petition to revoke Jackson's probation would have to be initiated by the State, not by the court. Moreover, Judge Erlich never suggested that he intended to relieve the State of its normal burden of proving any alleged violation of probation.

The judgement of the district court is AFFIRMED.